JUAN TORRELLAS, Plaintiff and Appellant, *v.* MUNICIPALITY OF YABUCOA, Defendant and Appellee; ERNESTO CARRASQUILLO, Intervener and Appellee.

No. 8458. Argued May 4, 1943.—Decided June 11, 1943.

*Francisco González Fagundo* and *F. González, Jr.,* for appellants.
*Cruz Ortiz Stella* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On December 19, 1940, Juan Torrellas brought in the District Court of Arecibo an action against the Municipality of Yabucoa for a money judgment.

He alleged that he supplied said municipality with block stones and gravel for the construction of certain works. The bill therefor was paid. As said material was not sufficient for the completion of one of the jobs, the municipality ordered him to continue supplying it and he did so without the bill therefor—$1,747.50—being paid, notwithstanding the fact that he has requested payment.

Four days later the municipality appeared by its mayor and accepted the facts alleged in the complaint and consented to have judgment entered against it. It enclosed a copy of Resolution No. 69 of the Municipal Assembly of Yabucoa authorizing the mayor to consent to said judgment. One of the ''Whereasses'' of the resolution reads thus:

''Whereas the funds which were available through a loan for the purchase and payment for stone is entirely exhausted, a debt has

been contracted with contractor Mr. Torrellas for the excess stone supplied by him over the appropriated money and the municipality, not being able to attend at present to said debt because of lack of the necessary funds, has so notified the interested party."

On January 2 of the next year the district court set a hearing of the case for the 7th of that same month, in order that both plaintiff and defendants should appear to enlighten the court on the point of whether the complaint alleged a cause of action which would justify a valid and unassailable judgment to be entered.

At this stage, three days before the date set for the hearing, Ernesto Carrasquillo, alleging that he was a taxpayer of the Municipality of Yabucoa and its mayor-elect, asked for leave to intervene in the suit. Later, on January 9, 1941, he amended his petition and accompained it with a complaint of intervention containing the following special defense:

"That on the date that the debt, the object of the plaintiff's claim, was contracted there did not exist in the budget of the defendant municipality any appropriation whatsoever to meet said obligation."

On January 7, the plaintiff and the defendant municipality, through its attorney, objected to the intervention. On January 20 the intervener Carrasquillo announced to the court that he had taken possession of his office of mayor. On June 13 of that same year an aswer was filed by the defendant municipality in which each and all of the facts alleged in the complaint were generally and specifically denied and the same special defense set up by the intervener was alleged.

At this stage of the case, on October 1, 1941, the court entered judgment dismissing the complaint for lack of facts sufficient to constitute a cause of action against the municipality. In its opinion the court expressed itself thus:

"The first point to be decided is if the intervener, as a taxpayer of the Municipality of Yabucoa, can or can not intervene in this

case and the question should in our judgment be decided in the affirmative (6 McQuillin, p. 951, §2749). The more so, when it appears from this case, from the allegations of the parties, that the defendant municipality failed to allege a sound and material defense to the cause of action brought against it by the plaintiff, and we say this, because the very answer of the defendant consenting to the pretensions of the plaintiff is based on Resolution No. 69 of the Municipal Assembly of the defendant municipality, a certified copy of which is attached to its answer and from the latter it appeared without any doubt in an express way that the Municipality of Yabucoa, when it bought the stone involved had no sum whatsoever appropriated in the municipal budget to meet said obligation or funds available to pay the same. (*Tomasini* v. *Municipality*, 50 P.R.R. 766, 768; *Moscoso Hno. & Cía.* v. *Municipality*, 50 P.R.R. 181, 182.)

"We agree with the plaintiff in that, according to the decision in the case of *Serra* v. *Ponce*, 47 P.R.R. 136, 141, it is the defendant municipality which must allege and prove as a special defense, the defense raised in this case by the intervener to prevent the payment of plaintiff's claim, and within this jurisprudence we would be willing to dismiss the demurrer of lack of cause of action, but as the motion of consent of the defendant municipality was accompained by the above resolution any evidence on the essential facts to be proved in these cases is unnecessary, as said resolution expressly sustains the inexistence of the necessary funds to meet the plaintiff's claim and, once said inexistence of funds was admitted, the jurisprudence of the case of *Serra* v. *Ponce*, 47 P.R.R. 136, 141, is of perfect application."

From said judgment the present appeal was taken by the plaintiff, assigning in his brief two errors as having been committed by the district court in allowing the intervention and considering the defense alleged by the intervener a proven fact.

█ It is true that the authority cited by the judge of the lower court, based on the cases on the matter, sustain that in these cases "Such a bill is essentially a class bill. 'As such it must be filed in the name of and for the class, for otherwise every taxpayer would have a separate right to file a bill in his own name and right, and a multiplicity of suits and great confusion might result.' Hence, a bill filed by a

taxpayer in his own name and right which does not aver that it is filed for the benefit of himself and other citizens and taxpayers, is not a taxpayer's bill. A person, merely because he is a taxpayer, has no such interest in litigation to which a municipality is a party, it has been held, as will entitle him to intervene." 6 McQuillin, Corporations, §2748, p. 951.

But said authority also points to the exceptional case, in which the case of the intervener can be considered included, to wit:

"But if the municipality, when sued, refuses to set up a material defense, taxpayers directly interested in the result are entitled to intervene and plead such defense. So where the plaintiff and the defendant municipality are conspiring to aid the former in procuring a judgment on county warrants, a taxpayer has such an interest as entitles him to intervene and defend." 6 McQuillin, Municipal Corporations, §2748, p. 951.

██ The first error was not committed. Neither was the second, in our judgment, as from the very resolution authorizing the consent, attached to the motion of the municipality, it appears that said authorization was contrary to subdivision 9 of §8 of the Municipal Act, Laws of 1928, p. 342, which provides that no obligation or debt can be incurred except the credits appropriated in the budget, and the constant jurisprudence of this court on the matter, which establishes that the sale of supplies to a municipality is void once the appropriation in the budget to meet said obligation is exhausted. *Humacao Lumber Co.* v. *Am. Surety Co.*, 59 P.R.R. 164, and cases cited therein. The contention that the consent to the judgment must be interpreted as a waiver of defenses lacks merit because said waiver could not be sustained as the same is contrary to the public policy stated by the law.

The judgment appealed from must be affirmed.